UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL CRAIG MERRIWEATHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-cv-03099-JPH-MPB |
| ) | |
| HENDRICKS COUNTY JAIL, ) | |
| ) | |
| Defendant. ) | |

**Order Granting Motion for Leave to Proceed *In Forma Pauperis*, Dismissing Third Amended Complaint, and Providing Opportunity to Show Cause**

Michael Craig Merriweather is a prisoner currently incarcerated at Miami Correctional Facility. He filed this civil action regarding events that occurred while he was incarcerated at Hendricks County Jail in Danville, Indiana. Since filing this action, Mr. Merriweather has amended his complaint three times. He has also moved for leave to proceed *in forma pauperis*. Because Mr. Merriweather is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his third amended complaint before service on the defendants. *Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture.").

**I. *In Forma Pauperis* Status**

Mr. Merriweather's motion to proceed *in forma pauperis*, dkt. [18], is **granted** to the extent that he is assessed an initial partial filing fee of $6.60. *See* 28 U.S.C. § 1915(b)(1). He shall have **through June 13, 2022**, in which to pay this sum to the clerk of the district court.

Mr. Merriweather is informed that after the initial partial filing fee is paid, he will be obligated to make monthly payments of 20 percent of the preceding month's income each month

1

that the amount in his account exceeds $10.00, until the full filing fee of $350.00 is paid. 28 U.S.C. § 1915(b)(2).

## II. Screening Standard

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## III. The Third Amended Complaint

The third amended complaint is a letter that neither lists any defendants nor seeks any particular relief. The Court notes that Mr. Merriweather's previous amended complaint, dkt. [5], was submitted on the Court's prisoner complaint form, named 19 defendants, and requested injunctive relief and $15,000,000 in damages. All of Mr. Merriweather's complaints in this action have included allegations similar to those in his third amended complaint, which include:

- Drugs were placed in his food by a variety of correctional staff, medical staff, and other inmates;
- He was given two juice cartons with needle punctures in them;
- Numerous inmates on different occasions gave him coffee that was meant to kill him;

- Food brought to him during his trial was meant to kill him and caused him to drool, fall asleep, suffer from a fever, and his face to swell;

- A correctional officer checked his blood pressure which was "deadly," but the correctional officer refused to call 911;

- A nurse checked his blood pressure and became sad but refused to call an ambulance or tell Mr. Merriweather what his blood pressure was. As a result, he was incoherent at trial the next day;

- He's been exposed to black mold, a lack of ventilation, and death threats;

- Other inmates were using a cellphone to monitor his phone calls;

- Other inmates told him that there was a 50-member SWAT team sent to assassinate him for a $100,000 reward.

### IV. Dismissal of Third Amended Complaint

Mr. Merriweather's third amended complaint is a fanciful and implausible "paranoid stream of consciousness." *Walton v. Walker*, 364 F. App'x 256, 257 (7th Cir. 2010) (affirming dismissal with prejudice of frivolous case); *Gladney v. Pendleton Correctional Facility*, 302 F.3d 773, 774 (7th Cir. 2002) (affirming dismissal of "delusional" complaint without an evidentiary hearing). It is **dismissed** pursuant to 28 U.S.C. § 1915(e)(2)(B).

### V. Opportunity to Show Cause

Mr. Merriweather shall have **through June 13, 2022,** in which to show cause why Judgment consistent with this Order should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."); *Jennings v. City of Indianapolis*, 637 F. App'x 954, 954–955 (7th Cir. 2016) ("In

3

keeping with this court's advice in cases such as *Luevano* . . . , the court gave Jennings 14 days in which to show cause why the case should not be dismissed on that basis.").

**SO ORDERED.**

Date: 5/9/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MICHAEL CRAIG MERRIWEATHER
172642
MIAMI - CF
MIAMI CORRECTIONAL FACILITY
Inmate Mail/Parcels
3038 West 850 South
Bunker Hill, IN 46914-9810

Financial Deputy Clerk